2018R00307/CF/JFI

**DUPLICATE**
**ORIGINAL**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Leda Dunn Wettre |
| v. | : | Mag. No. 20-13158 |
| ANTHONY SALTERS | : | **CRIMINAL COMPLAINT** |

I, Kenneth K. Long, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

### SEE ATTACHMENT A

I further state that I am a Special Agent with the Internal Revenue Service – Criminal Investigation, and that this Complaint, which is submitted, pursuant to 26 U.S.C. § 6531, to extend the six-year statute of limitations period applicable to the offense herein alleged under 26 U.S.C. § 7206(1), is based on the following facts:

### SEE ATTACHMENT B

continued on the attached pages and made a part of this Complaint.

_____
Kenneth K. Long
Special Agent, Internal Revenue Service –
Criminal Investigation

Sworn to before me,
and subscribed in my presence
on the 14th day of April, 2020
at Newark, New Jersey

THE HONORABLE LEDA DUNN WETTRE            \_\_\_*Leda Dunn Wettre*\_\_\_\_\_
UNITED STATES MAGISTRATE JUDGE             Signature of Judicial Officer

\*\*\* Special Agent Kenneth K. Long, Internal Revenue Service – Criminal Investigation attested to the contents of the written affidavit submitted as Attachment B to this Criminal Complaint by telephone pursuant to Rule 4.1(b)(2)(A) of the Federal Rules of Criminal Procedure.

## **ATTACHMENT A**

(Subscribing to a False Return)

On or about April 15, 2014, in the District of New Jersey and elsewhere, defendant

ANTHONY SALTERS

willfully did make and subscribe a U.S. Individual Income Tax Return, Form 1040, for tax year 2013 on his own behalf, which contained and was verified by a written declaration that it was made under the penalties of perjury, falsely stating that for tax year 2013 defendant SALTERS's business income was zero and his total income was zero, which he did not believe to be true and correct as to every material matter, as defendant SALTERS well knew, in that:

a.  defendant SALTERS received tens of thousands of dollars in gross receipts in tax year 2013;

b.  defendant SALTERS did have income in tax year 2013; and

c.  Media Allies LLC, a company of which defendant SALTERS was a principal and about which no information was reported in a Schedule C for tax year 2013, received a substantial amount in gross receipts in that tax year.

In violation of Title 26, United States Code, Section 7206(1).

## ATTACHMENT B

I, Kenneth K. Long, am a Special Agent with the Internal Revenue Service – Criminal Investigation. I am fully familiar with the following facts based on my conversations with law enforcement agents who have participated in the investigation and my review of documents and other items of evidence. Because this Complaint is being submitted for the limited purpose of establishing probable cause, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause. All conversations and statements described in this affidavit are related in substance and in part, unless otherwise indicated.

1. During the time period relevant to the Complaint:

    A. Defendant ANTHONY SALTERS ("defendant SALTERS") was a resident of Hillside, New Jersey. Defendant SALTERS was a principal of Media Allies LLC ("Media Allies"), a company that purportedly provided public relations services.

    B. The Internal Revenue Service ("IRS"), an agency within the United States Department of Treasury, was responsible for administering and enforcing the tax laws of the United States, including the federal income tax laws.

2. On or about February 12, 2014, in the District of New Jersey, defendant SALTERS signed, filed, and caused to be filed with the IRS a U.S. Individual Income Tax Return, Form 1040, for tax year 2013 on his own behalf (the "2013 Tax Return"). As to the 2013 Tax Return:

    A. Evidence obtained during the investigation indicates that defendant SALTERS was in New Jersey when he signed, filed, and caused the 2013 Tax Return to be filed. I have reviewed emails that defendant SALTERS sent on or about February 12, 2014. Those emails reflect that he was conducting regular activities that day; they give no indication that defendant SALTERS was outside of New Jersey on February 12, 2014. I also have reviewed records related to a bank account in the name of Media Allies, for which defendant SALTERS was the sole authorized signer (the "Media Allies bank account"), including a bank statement for February 2014. That bank statement includes debits authorized to be made to the Media Allies bank account on or about February 12, 2014, reflecting charges made in New Jersey and none outside of New Jersey.

    B. Although the 2013 Tax Return was signed on or about February 12, 2014, as stated in the IRS transcript for defendant SALTERS for tax year 2013, which I have reviewed, the return due date was April 15, 2014.

    C. I also have reviewed a copy of the 2013 Tax Return, which contained a written declaration that it was filed under penalties of perjury. As explained below, the 2013 Tax Return falsely stated that defendant SALTERS's business income was zero and his total income was zero.

3. I have reviewed the checks listed below, all of which were made payable to Media Allies and deposited into the Media Allies bank account in tax year 2013. Wording that appeared in the memo lines of those checks is set forth below. Checks with no entries in their memo lines are

3

so noted in the list below:

| Payor of Check | Date on or about which Check Posted to Media Allies Bank Account | Approximate Amount of Check | Memo Line |
|---|---|---|---|
| City of Orange Township | 2/7/2013 | $ 5,933.32 | No entry |
| City of Orange Township | 3/1/2013 | $ 5,933.32 | No entry |
| A Political Campaign Committee (the "Political Campaign Committee") | 3/29/2013 | $ 2,000.00 | [illegible word] payment |
| The Political Campaign Committee | 4/8/2013 | $ 1,000.00 | Payment |
| City of Orange Township | 4/12/2013 | $ 2,666.67 | No entry |
| City of Orange Township | 5/16/2013 | $ 2,966.66 | No entry |
| City of Orange Township | 6/12/2013 | $ 2,966.66 | No entry |
| City of Orange Township | 7/2/2013 | $ 2,966.66 | No entry |
| Paterson Municipal Utilities Authority | 7/15/2013 | $ 2,916.66 | Great Falls |
| City of Orange Township | 7/31/2013 | $ 2,966.66 | No entry |
| The Political Campaign Committee | 8/1/2013 | $ 3,500.00 | consulting fee |
| A Company associated with a camp where a program was to be conducted for high school football teams affiliated with Newark, New Jersey public schools (the "Company"), as | | | |

4

| | | | |
|---|---|---|---|
| indicated by records that I reviewed, as described in Paragraph 4 below | 9/3/2013 | $ 9,400.00 | No entry |
| Paterson Municipal Utilities Authority | 9/3/2013 | $ 1,458.33 | bottle water |
| City of Orange Township | 9/10/2013 | $ 2,481.66 | No entry |
| Newark Housing Authority | 9/13/2013 | $ 9,147.00 | No entry |
| Paterson Municipal Utilities Authority | 10/10/2013 | $ 1,458.00 | Aug. 13 |
| Paterson Municipal Utilities Authority | 10/10/2013 | $ 1,458.00 | Sept. 13 |
| City of Orange Township | 10/11/2013 | $ 2,966.66 | No entry |
| Newark Housing Authority | 11/15/2013 | $ 11,200.00 | No entry |
| The Political Campaign Committee | 12/4/2013 | $ 4,000.00 | Consulting |
| Newark Housing Authority | 12/20/2013 | $ 25,025.00 | No entry |
| | APPROXIMATE TOTAL FOR 2013 | $104,411.26 | |

4. I also have reviewed certain records obtained during the investigation that indicate that defendant SALTERS received the above-referenced payments for services that he provided to those check payors. Among those records are the following:

| Payor of Check(s) | Records |
|---|---|
| City of Orange Township | A resolution adopted by the City Council of the City of Orange Township ("Orange") on or about January 2, 2013, authorizing the award of a contract to Media Allies to work as a public relations consultant for Orange for a monthly fee of approximately $2,966.66. |
| The Political Campaign Committee | Public reports indicating that the Political Campaign Committee was associated with a particular political candidate's campaign and that defendant SALTERS was that candidate's political director. |

5

| | |
|---|---|
| Paterson Municipal Utilities Authority | An unsigned agreement effective May 2013, for defendant SALTERS to provide consulting services related to "the sourcing, manufacture, licensing, marketing and sale of bottled water" to the Paterson Municipal Utilities Authority (the "PMUA"), a copy of which defendant SALTERS maintained.<br><br>A 2013 Business Plan for Great Falls Water, LLC ("Great Falls"), a PMUA subsidiary, which defendant SALTERS sent to the former Commissioner of the PMUA in September 2013, indicating that SALTERS was providing services to the PMUA. |
| The Company | An unsigned agreement to be entered into on May 1, 2013 for Media Allies to provide business marketing services to a camp (the "Camp"), with which the Company was associated. The unsigned agreement, a copy of which defendant SALTERS maintained, provided that Media Allies would be paid approximately $9,500 in connection with a program conducted at the Camp for high school football teams affiliated with Newark, New Jersey public schools.<br><br>Correspondence between defendant SALTERS and an individual from the Camp between in or about January 2013 and in or about August 2013, reflecting that the payment from the Company was in connection with services that defendant SALTERS provided. |
| Newark Housing Authority | Records reflecting that Media Allies was hired as the Tenant Election Contractor in 2013 for the Newark Housing Authority. |

5. Accordingly, in light of the information set forth above, the 2013 Tax Return was not true and correct as to every material matter, as defendant SALTERS well knew, in that:

    A. defendant SALTERS received tens of thousands of dollars in gross receipts in tax year 2013;

    B. defendant SALTERS did have income in tax year 2013; and

    C. Media Allies, about which no information was reported in a Schedule C for tax year

6

2013, received a substantial amount in gross receipts in that tax year.